UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

JACOB HAGEMANN,

        Plaintiff,

v.                                                       Case No. 10-C-26

MICHAEL SCHMIT
Jail Administrator, et al.,

        Defendant.

## ORDER DENYING MOTION FOR RECONSIDERATION

On August 4, 2010 Pro se Plaintiff Jacob M. Hagemann filed a motion for reconsideration of this Court's July 20, 2010 order denying Hagemann's July 16, 2010 request to file an amended complaint.

A motion for reconsideration serves a very limited purpose in federal civil litigation; it should be used only "to correct manifest errors of law or fact or to present newly discovered evidence." *Rothwell Cotton Co. v. Rosenthal & Co.*, 827 F.2d 246, 251 (7th Cir. 1987) (quoting *Keene Corp. v. Int'l Fidelity Ins. Co.*, 561 F. Supp. 656, 665-66 (N.D. Ill. 1976), *aff'd* 736 F.2d 388 (7th Cir. 1984)). "A 'manifest error' is not demonstrated by the disappointment of the losing party. It is the 'wholesale disregard, misapplication, or failure to recognize controlling precedent.'" *Oto v. Metro. Life Ins. Co.,* 224 F.3d 601, 606 (7th Cir. 2000) (quoting *Sedrak v. Callahan,* 987 F. Supp. 1063, 1069 (N.D. Ill. 1997)). Such motions are disfavored and should be "rare." *Bank of Waunakee v. Rochester Cheese Sales, Inc.,* 906 F.2d 1185, 1191 (7th Cir. 1990).

Hagemann states in his motion for reconsideration that he would like to "explain his original complaint better" but he adds no additional evidence or controlling authority. Thus, it appears that Hagemann is attempting to incorporate or add on to his original pleading by means of the motion to amend he filed. To the extent that is what he was attempting to do, it was in violation of Civil L.R. 15. Accordingly, it was denied. His motion to reconsider fails to show any "manifest errors of law or fact" or to present newly discovered evidence.

Hagemann also filed a Motion to Enter Exhibit 1 on August 4, 2010. (Dkt. 37.) Exhibit 1 is a copy of the Walworth County Inmate Handbook which includes portions related to the removal of mattresses and bedding from prisoner. Hagemann's motion to Enter Exhibit 1 is premature as this case is not yet at an evidentiary phase. Hagemann may attempt to use Exhibit 1 at future stages of his case, but the Exhibit will not now be entered in the record.

**IT IS THEREFORE ORDERED** that petitioner's motion for reconsideration is **DENIED**.

**IT IS FURTHER ORDERED** that petitioner's motion to enter exhibit 1 is **DENIED.**

Dated this   16th   day of August, 2010.


    s/ William C. Griesbach
    William C. Griesbach
    United States District Judge